IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **XAVIER R. BRIGGS**, | Case No. 3:25-cv-62-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **MULTNOMAH COUNTY INVERNESS JAIL**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On January 13, 2025, Plaintiff, representing himself, filed suit under 42 U.S.C. § 1983, alleging violations of his 8th Amendment rights. ECF 1. Before the Court is Defendant Multnomah County's Motion for Summary Judgment, filed August 20, 2025.[1] ECF 18. Plaintiff

---

[1] It is unclear on the face of the Complaint whether Plaintiff intended to sue the Multnomah County Inverness Jail, or Deputies Wood and Dieta, or both. Plaintiff identifies Multnomah County Inverness Jail in the caption of his complaint, ECF 1 at 1, but lists both Deputies as Defendants in the "Parties" section of the Complaint. ECF 1 at 2. The Inverness County Jail is not a proper defendant—Plaintiff would need to sue Multnomah County and not the jail. *See, e.g.*, *Mahoney v. Kitsap Cnty. Jail*, 2010 WL 5394821 (W.D. Wash. Nov. 8, 2010), *report and recommendation adopted*, 2010 WL 5464733 (W.D. Wash. Dec. 27, 2010), *aff'd*, 474 F. App'x 573 (9th Cir. 2012) (concluding that the county jail "is a local governmental unit that is not a legal entity capable of being sued" and noting that "a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the

PAGE 1 – ORDER

did not respond to the Motion. Thus, the Court deems the facts presented in Defendant's Motion as unopposed and accepts them as true.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see also Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting *Celotex*, 477 U.S. at 325)). "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "If the moving party meets its initial burden, the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that

---

alleged violation occurred" (quoting *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008)). Defendant moves for summary judgment on behalf of Multnomah County. For purposes of the motion, and in consideration of Plaintiff's pro se status, the Court substitutes Multnomah County for the improper defendant Multnomah County Inverness Jail and also includes Deputies Wood and Dieta, and thus will treat the Motion for Summary Judgment as a motion on behalf of all three Defendants.

there is a genuine issue for trial.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).

The Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." *Anderson*, 477 U.S. at 252, 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The Ninth Circuit further instructs that "an ordinary *pro se* litigant, like other litigants, must comply strictly with the summary judgment rules. *Pro se* inmates are, however, expressly exempted from this rule." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (citation omitted). For a *pro se* inmate, courts "should avoid applying summary judgment rules strictly." *Id.* "This rule exempts pro se inmates from *strict* compliance with the summary judgment rules, but it does not exempt them from *all* compliance." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (emphasis in original). The exception for *pro se* inmates does "not entirely release [an inmate] from any obligation to identify or submit some competent evidence supporting his claim." *Id.*

## BACKGROUND

Defendants recite Plaintiff's original allegations that, while incarcerated at Inverness Jail, he was given food that contained metal. ECF 18 at 2. Plaintiff specified only one date—January 8, 2025—on which this occurred, *id.*, but alleged that it had happened "countless" times and submitted with his complaint four declarations that confirmed metal in Plaintiff's food on January 1st and January 8th. ECF 5. Furthermore, Plaintiff alleged—and his declarations support—that he notified Deputies Wood and Dieta of the problem on January 1st and January 8th, respectively, and both of them "confirmed the presence of metal in the meal." ECF 18 at 2; ECF 5. On January 1st, Deputy Wood replaced Plaintiff's meal. ECF 5 at 1, 3-4. Plaintiff did not allege that he ingested the metal, but did allege that he experienced "blood in [his] stool." ECF 18 at 2. He did not allege that he filed grievances or exhausted his administrative remedies. *Id*.

Defendants admit that, at some point in mid-2024, they became aware of complaints of "metal shavings on certain baked goods." Declaration of Bailey McAleer, ECF 19 at ¶ 3. They investigated the complaints and found that "certain cutting utensils on aluminum sheet pans could damage the sheet pans and create small aluminum shavings." *Id*. at ¶ 4. In response to that discovery, they replaced metal cutting tools with plastic cutting tools and replaced their aluminum sheet pans. *Id*. at ¶ 5.

## DISCUSSION

Plaintiff did not file a response to Defendant's motion for summary judgment. A court may not grant summary judgment by default. *See Heinemann v. Satterberg*, 731 F.3d 914, 916-17 (9th Cir. 2013). When a party fails to respond to a fact asserted by the movant, a court may:

> (1) give [the party] an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

PAGE 4 – ORDER

Fed. R. Civ. P. 56(e). This rule was amended in 2010 to incorporate the "deemed admitted" practice of many courts—where a party fails to respond to an asserted fact, that fact may be "deemed admitted" (considered as undisputed). *Heinemann*, 731 F.3d at 917. Here, the Court will consider as undisputed the facts asserted by Defendants in its unopposed motion.

Considering a fact as undisputed, however, does not mean that summary judgment automatically may be granted. A court must still determine, considering the facts the court has found undisputed for want of a response, the legal consequences and proper inferences to be drawn from those facts. *Id.* (quoting Fed. R. Civ. P. 56 Advisory Committee Notes (2010)). Accordingly, the Court considers Defendant's motion/argument on the merits in light of the undisputed facts.

Section 1983 provides "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State" who "subjects, or causes to be subjected" any person within the jurisdiction of the United States the "deprivation of any rights, privileges, or immunities secured by the Constitution and the laws, shall be liable to the party injured." 42 U.S.C. § 1983. Plaintiff claims that the metal shavings in his food amounted to cruel and unusual punishment in violation of the Eighth Amendment.

In order to succeed on an Eighth Amendment claim, a prisoner must satisfy three requirements. First, they must show that they are "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, they must show that jail officials were deliberately indifferent to that risk, meaning that Defendant knew of and disregarded the risk. *Id* at 834, 837. "Deliberate indifference has both subjective and objective components. A prison official must 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the

inference.'" *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (quoting *Farmer*, 511 U.S. at 837). Finally, Plaintiff "must also demonstrate that the defendants' actions were both an actual and proximate cause of their injuries." *Lemire v. Cal. Dept. of Correction & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013).

For the claims against Multnomah County, Plaintiff first must show an underlying constitutional violation. *See Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (holding that "municipal defendants cannot be held liable because no constitutional violation occurred"). Because *Monell*[2] violations are "contingent on a violation of constitutional rights," *id.* and, as discussed next, Plaintiff fails to show that his Eighth Amendment rights were violated, the Court does not further analyze whether Multnomah County is liable under *Monell*.

First, viewing the evidence in the light most favorable to Plaintiff, the Court finds it possible that the metal shavings posed a substantial risk of serious harm. Food is a basic human need that the Eighth Amendment protects. *Keenen v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996). While the Eighth Amendment "requires only that prisoners receive food that is adequate to maintain health," *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1259 (9th Cir. 2016), rather than food that is "aesthetically pleasing or tasty," *LeMaire v. Maass*, 2 F.3d 851, 861 (9th Cir. 1993), metal shavings *can* be more than a harmless foreign object. They can have sharp edges capable of causing serious harm, falling far short of the requirement that prisoners receive food that maintains health. Absent further evidence on the character of the metal shavings, and viewing the available facts in the light most favorable to Plaintiff, the Court finds that Plaintiff satisfies the first prong.

---

[2] Liability for municipal entities is evaluated under the standards set in *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), and its progeny.

Second, the Court finds that the Deputy Defendants were not deliberately indifferent to risk that the metal shavings posed. There is sufficient evidence in this case to conclude that these Defendants were aware of facts from which they could infer a risk of serious harm. Plaintiff's declarations and Defendants' Motion make clear that Defendant Wood was aware that Plaintiff was served food with metal shavings on January 1st, and that Defendant Dieta was similarly made aware on January 8th. Moreover, Defendants submit a declaration that shows that Multnomah County was aware of the problem of metal shavings in baked goods in 2024. It is less clear whether Defendants actually drew an inference that these shavings poses substantial risk of serious harm. Regardless of whether Plaintiff can establish that Defendants were of a sufficiently culpable state of mind to meet the standard of deliberate indifference, he cannot show that Defendants disregarded the risk to his health. Plaintiff concedes that Defendant Wood personally replaced his tainted meal with an untainted one. Plaintiff offers no evidence that he requested any medical assistance that was ignored or otherwise requested any response or accommodation that was refused. Additionally, Defendants provide uncontested evidence that Multnomah County took meaningful steps to rectify the issue by replacing the cutting tools and sheet pans that were the source of the shavings. Because the facts show that Defendants did not disregard the risk of serious harm to Plaintiff, Plaintiff fails the second prong. Because Plaintiff fails on the second prong, the Court need not reach the third prong.

The Court GRANTS Defendants' Motion for Summary Judgment, ECF 18.

**IT IS SO ORDERED.**

DATED this 3rd day of November, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge