IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**XAVIER R. BRIGGS**,

    Plaintiff,

v.

**MULTNOMAH COUNTY INVERNESS JAIL**,

    Defendant.

Case No. 3:25-cv-62-SI

ORDER

**Michael H. Simon, District Judge.**

    On January 13, 2025, Plaintiff sued Defendant under 42 U.S.C. § 1983 alleging that Defendant violated his Eighth Amendment rights by providing him with meals that contained metal shavings. ECF 1. On August 20, 2025, Defendant moved for summary judgment. ECF 18. On October 9, the Court entered a scheduling order giving Plaintiff until October 30, 2025, to file his response. ECF 20. Plaintiff did not file a timely response to Defendant's motion. On November 3, 2025, the Court granted Defendant's motion, finding that Defendant was not deliberately indifferent to the risk that the metal shavings posed to Plaintiff and thus had not violated his Eighth Amendment rights. ECF 21. The following day, on November 4, 2025, the

PAGE 1 – ORDER

Court received Plaintiff's response to Defendant's motion, postmarked on October 31, 2025. ECF 22.

Under FED. R. CIV. P. 6(b), the Court has discretion to consider a late-filed motion. *See, e.g., Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996) ("Rule 6(b) commits to the district court's discretion the decision to enlarge the time in which a party must perform an act required or allowed by the Federal Rules of Civil Procedure, so this court reviews such decisions for an abuse of discretion."). In light of Plaintiff's *pro se* status, the Court exercises that discretion and has read and considered his Response.

Plaintiff's Response does not fundamentally change the Court's analysis of the facts or the law in this case and thus does not furnish cause to alter or disturb the Court's November 3, 2025 order granting Defendant's Motion for Summary Judgment.

Plaintiff does, however, introduce in his Response a new allegation that he "informed medical of the issue with my bowels and was never seen. I sent medical kytes to the jails [sic] medical center on more than one occasion asking to be seen." ECF 22 at 3. The claim that Defendant denied Plaintiff's Eighth Amendment rights by denying him medical care is different from the claim that Plaintiff included in his original complaint—that Defendant violated his Eighth Amendment rights by providing him with meals containing metal shavings.

Plaintiff, however, "may not effectively amend [his] Complaint by raising a new theory of standing in [his] response to a motion for summary judgment." *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010); *see also Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings.") (internal quotation marks omitted); *Segura v. Cherno*, 2022 WL 3587860, at *4 (D. Or. May 25,

PAGE 2 – ORDER

2022) ("Plaintiff cannot raise new claims for relief in a response to a motion for summary judgment, and the court will not consider such claims."). Thus, the Court will not consider in this lawsuit Plaintiff's new allegation that he was denied medical care.

**IT IS SO ORDERED.**

DATED this 26th day of February, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER